UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISA VELEZ,

    Plaintiff,

v.                                            Case No.:  8:21-cv-2003-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff Melisa Velez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. Plaintiff also filed a Reply Brief (Doc. 19). As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on March 20, 2020, alleging disability beginning on October 10, 2019. (Tr. 92, 104, 238-44). Sometime later, Plaintiff filed for supplemental security income, alleging disability beginning March 20, 2020. (Tr. 226-34). The applications were denied initially and on reconsideration. (Tr. 10, 92, 104). Plaintiff requested a hearing, and on May 25, 2021, a hearing was held before Administrative Law Judge Glen Watkins. (Tr. 60-80). On June 4, 2021, the ALJ entered a decision finding Plaintiff not under a disability from October 10, 2019, through the date of the decision. (Tr. 10-19).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on July 9, 2021. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on August 19, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 11).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 10, 2019, the alleged onset date. (Tr. 12). At step two,

the ALJ found that Plaintiff had the following severe impairments: "lupus; anxiety disorder; obesity; hypertension; and asthma." (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to occasional postural activities. The claimant must avoid concentrated exposure to irritants such as fumes, odors, and gases. The claimant is able to understand, remember, carryout, and perform simple, routine tasks and instructions, with a reasoning level 1 or 2.

(Tr. 14).

At step four, the ALJ relied on the vocational expert's testimony to find Plaintiff was unable to perform her past relevant work as a medical assistant and a teacher. (Tr. 17). At step five, the ALJ considered Plaintiff's age (46 years old on the alleged disability onset date), education (at least a high school education), work experience, and RFC, and found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 17-18).

Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)  checker I, DOT 222.687-010, light, unskilled

(2)  router, DOT 222.587-038, light, unskilled

(3)  sorter agricultural produce, DOT 529.687-186, light, unskilled

(Tr. 18). The ALJ concluded that Plaintiff had not been under a disability from October 10, 2019, through the date of the decision. (Tr. 19).

## II.  Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ erred by failing to properly evaluate and consider the criteria for systemic lupus disease at step three; and (2) whether the ALJ erred in formulating the RFC by failing to adequately account for Plaintiff's symptoms caused by her chronic migraine headaches; systemic lupus; rheumatoid arthritis; and Sjogren's syndrome. (Doc. 14, p. 11).

### A.  Listing for Systemic Lupus Disease

Plaintiff argues that the ALJ erred at step three of the sequential evaluation by providing a legally insufficient explanation as to why Plaintiff's severe impairment of systemic lupus disease did not meet a listing. (Doc. 14, p. 13). Plaintiff claims that she met the criteria for lupus under Listing 14.02. (Doc.

At step three, an ALJ must consider whether a plaintiff's impairments, either individually or in combination, meet or medically equal a listing contained in the Listing of Impairments. 20 C.F.R. §§ 404.1525(a). 416.925(a). To meet a listing, the impairment or combination of impairments must be severe enough to prevent an

individual from engaging in substantial gainful employment. *Id.* While the listings must be considered, an ALJ is not required to mechanically recite the evidence leading to this determination. *Keane v. Comm'r of Soc. Sec.*, 205 F. App'x 748, 750 (11th Cir. 2006) (citing *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir.1986)). A review of the decision may show that there is an implied finding that a claimant did not meet a listing. *Id.*

In this case, at step two, the ALJ found Plaintiff's lupus impairment severe. (Tr. 13). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Tr. 13). In support, the ALJ generally reasoned for all of Plaintiff's impairments: "[t]he findings in evidence do not approach the level of severity set forth in any relevant listing or any other listing. No treating or examining medical source reported findings of listing-level severity, nor did any State agency medical consultant determine that the claimant's impairments meet the criteria of any listing." (Tr. 13). Other than finding lupus a severe impairment at step two, the ALJ only mentioned lupus one other time when summarizing Plaintiff's testimony that she was unable to work due to lupus and other impairments. (Tr. 15). Other than this mention of lupus, the ALJ does not discuss this impairment. The ALJ provided no indication that he considered whether lupus met the requirements of Listing 14.02. *See Armstrong v. Comm'r of Soc. Sec.*, 546 F. App'x 891, 896 (11th Cir. 2013)

(remanding case for further proceedings because "[a]lthough the ALJ found Armstrong's [ankylosing spondylitis] was a severe impairment, the ALJ did not discuss specifically Listing 14.09C, which applies to AS, and she did not explain what evidence showed Armstrong did not meet that listing"). As a result, it is difficult to determine whether the ALJ actually or even impliedly considered whether Plaintiff's impairment of lupus met or medically equaled a listing. Thus, it is unclear whether the ALJ applied the correct legal standard at step three and whether the decision was supported by substantial evidence. *Id.*

Further, Plaintiff provided sufficient evidence to show that she arguably met Listing 14.02. The burden lies with Plaintiff to show that she has an impairment that meets or medically equals a listed impairment. *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 741 (11th Cir. 2008). For an impairment to meet a listing, a plaintiff must show that it meets all the specified medical criteria. *Bailey v. Soc. Sec. Admin., Comm'r*, 782 F. App'x 838, 840 (11th Cir. 2019) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). If an impairment meets only some criteria, then it will not qualify, no matter the severity of the impairment. *Id.* To meet a listing, a claimant must have a diagnosis included in a listing and provide medical reports documenting that the conditions meet the specific criteria of a listing and the duration requirement. *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002)).

Listing 14.02 applies to systemic lupus erythematosus, a chronic inflammatory disease that can affect any organ or body system. 20 C.F.R. pt. 404, subpt, P, app. 1, § 14.00D1.

> It is frequently, but not always, accompanied by constitutional symptoms or signs (severe fatigue, fever, malaise, involuntary weight loss). Major organ or body system involvement can include: Respiratory (pleuritis, pneumonitis), cardiovascular (endocarditis, myocarditis, pericarditis, vasculitis), renal (glomerulonephritis), hematologic (anemia, leukopenia, thrombocytopenia), skin (photosensitivity), neurologic (seizures), mental (anxiety, fluctuating cognition ("lupus fog"), mood disorders, organic brain syndrome, psychosis), or immune system disorders (inflammatory arthritis). Immunologically, there is an array of circulating serum auto-antibodies and pro- and anti-coagulant proteins that may occur in a highly variable pattern.

*Id.*

To meet Listing 1402, Plaintiff must show:

> 14.02 Systemic lupus erythematosus. As described in 14.00D1. With:
>
> A. Involvement of two or more organs/body systems, with:
>
> 1. One of the organs/body systems involved to at least a moderate level of severity; and
>
> 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
>
> or
>
> B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:

> 1. Limitation of activities of daily living.
>
> 2. Limitation in maintaining social functioning.
>
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. pt. 404, subpt. P, app. 1, § 14.02.

Plaintiff claims that she meets the requirements of Listing 14.02A. (Doc. 14, p. 14-15). To meet this listing, two or more organs or body systems must be involved with at least one at a moderate level of severity, and at least two of the constitutional symptoms or signs must be present, such as severe fatigue, fever, malaise, or involuntary weight loss. 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.02A.

Plaintiff contends that her musculoskeletal and pulmonary system are involved, both of which are at least at a moderate level of severity. (Doc. 14, p. 15). Plaintiff also contends that she has multiple constitutional signs or symptoms, such as fatigue, brain fog, and malaise or feelings of weakness and overall discomfort. (Doc. 14, p. 15). The Commissioner challenges Plaintiff's contention that she meets the criterion for the listing for lupus. (Doc. 15, p. 7-9). The Commissioner argues that Plaintiff's records do not support a finding of severe fatigue or malaise. (Doc. 15, p. 8). The Commissioner also argues that Plaintiff cannot show that her pulmonary system was involved. (Doc. 15, p. 9).

The Commissioner does not contest that Plaintiff has been diagnosed with systemic lupus erythematosus. Moving to the first criteria for the listing, Plaintiff

must show that lupus involves two or more organs or body systems, with at least one of a moderate level of severity. 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.02. Plaintiff claims, and the Commissioner does not challenge, that she has at least a moderate level of severity in her musculoskeletal system, as shown by her joint pain, stiffness, swelling, and tenderness in her hands, elbows, knees, cervical spine, and ankles. (Doc. 14, p. 15). Thus, Plaintiff has shown one body system involved.

Plaintiff also claims that evidence shows her pulmonary system is involved. (Doc. 14, p. 15). The Commissioner contends that the record does not establish that the pulmonary symptoms relate to lupus. (Doc. 15, p. 9). Many medical records reflect that Plaintiff presented with an overlap of Sjogren's disease, systemic lupus erythematosus, and rheumatoid arthritis. (*See, e.g.*, Tr. 668-69, 951, 993, 1048, 1106, 1138, 1143, 1229, 1240, 1244, 1247, 1248, 1272). A November 2019 medical record showed that Plaintiff's hypoxia (low levels of oxygen in body tissues) had an "[u]nclear etiology." (Tr. 1247, 1248). In December 2019 and March 2020, Plaintiff had significant loss of lung function and remained oxygen dependent. (Tr. 1231, 1141). In August 2020, Plaintiff reported that she continued to suffer from chest tightness. (Tr. 1058). And in December 2020, Plaintiff was assessed with chronic dyspnea and mild hypoxia, even though her asthma was under control. (Tr. 954). Considering the overlap of symptoms and Plaintiff's pulmonary impairments, Plaintiff has arguably satisfied the listing criteria for organ or body systems.

Next, Plaintiff must show at least two constitutional symptoms. 20 C.F.R. pt. 404, subpt. P, app. 1, § 14.02. Plaintiff asserts that she has severe fatigue and malaise. (Doc. 14, p. 15-16). The Commissioner disagrees. (Doc. 15, p. 10). In the decision, the ALJ acknowledged that Plaintiff testified that she suffered from fatigue all of the time as well as brain fog and that fatigue caused difficulty with walking. (Tr. 15, 65, 67). Plaintiff reported severe fatigue, including at various medical visits, and reported feeling some fatigue on days when she used methotrexate injections. (Tr. 65, 67, 291, 1240, 1280, 1466, 1511). Plaintiff also reported a continual feeling of illness or discomfort, in other words, malaise, including weakness, joint pain, lethargy, and low-grade fever. (Tr. 67, 291, 1280, 1386, 1430, 1492). Plaintiff also complained of overlapping symptoms for systemic lupus erythematosus, rheumatoid arthritis, and Sjogren's syndrome. (Tr. 1240). Her symptoms included pain in the hands, elbows, cervical spine, wrists, lumbar spine, knees, and feel, with increased pain at night. (Tr. 1240). Plaintiff has arguably satisfied the criteria for two constitutional symptoms.

In sum, substantial evidence does not support the ALJ's listing determination. The ALJ found Plaintiff's lupus a severe impairment, but failed to include a discussion of medical evidence of record involving lupus and provided no indication that he considered Listing 14.02. Plaintiff has arguably established that she met the criteria in the listing for lupus sufficient to warrant remand for the Commissioner to

reevaluate whether Plaintiff met or medically equaled a listed impairment. Plaintiff also raises arguments related to her other impairments and whether they met a listing. On remand, the Commissioner will reevaluate whether any of Plaintiff's impairments met or medically equaled a listing.

### B. Formulation of RFC to Account for All Symptoms

Plaintiff argues that in formulating the RFC assessment, the ALJ did not account for Plaintiff's symptoms caused by her chronic migraine headaches, systemic lupus, rheumatoid arthritis, and Sjogren's syndrome. (Doc. 14, p. 11-12). In the body of the argument, Plaintiff mainly argues that the ALJ improperly evaluated Plaintiff's migraine headaches, which resulted in an RFC that did not accurately reflect all of her impairments. (Doc. 14, p. 17). Because the action is remanded for reconsideration of whether any of Plaintiff's impairments met or medically equaled a listing, the Court also directs the Commissioner to reconsider whether the RFC contains all of Plaintiff's limitations.[1]

---

[1] While Plaintiff mentioned the ALJ's failure to account for her lupus in the RFC, Plaintiff did not develop this argument and thus waived it. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived issue because he did not elaborate on claim or provide citation to authority regarding claim). Because this matter is being remanded on a different issue, the Court briefly turns its focus to the RFC. A determination that lupus is a severe impairment means it significantly limited Plaintiff's physical or mental ability to do basic work activities. See 20 C.F.R. §§ 416.920(c); *Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 898 (11th Cir. 2010) ("By definition, a severe impairment limits significantly a claimant's ability to do basic work activities."). The ALJ acknowledged as much by stating that Plaintiff's lupus along with other impairments "significantly limit the ability to perform basic work activities." (Doc. 13). The decision includes only one mention of lupus in a discussion of Plaintiff's testimony and includes no indication that the RFC contained limitations associated with the severe impairment of lupus. (Tr. 14). It is problematic when an ALJ finds an impairment severe at step two, but does not

## III.  Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider whether Plaintiff has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments and whether the RFC contains all of Plaintiff limitations. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 18, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

articulate significant limitations from the impairment or reasonably explain to what extent a plaintiff can work despite the impairment. *Raduc*, 380 F. App'x at 898. A court should not be left to speculate about the functional impact of a severe impairment or whether it was a part of the RFC assessment. *Nance v. Comm'r of Soc. Sec.*, No. 8:20-cv-507-NPM, 2021 WL 4305093, *5 (M.D. Fla. Sept. 22, 2021).